

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

April 15, 2026

**VIA ECF**
Hon. Valerie E. Caproni
Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 20C
New York, NY 10007

Re: Lowry v. McDonald, et al., SDNY Docket No. 26-CV-00968

Dear Judge Caproni:

This office represents defendants James McDonald,[1] in his official capacity as Commissioner of the New York State Department of Health ("DOH") ("DOH Commissioner") and Joseph A. Giovannetti, in his official capacity as Director of the Bureau of Investigations within DOH's Division of Legal Affairs ("Director Giovannetti") in the above-titled action. I write pursuant to Local Civil Rule 1.6 of the Local Rules of the United States District Courts for the Southern and Eastern Districts, to notify the Court of a related case, *Nesselson v. McDonald, et al.*, S.D.N.Y., Docket No. 25-cv-04464 ("*Nesselson*"),[2] and to respectfully request that this case be transferred to Judge Jennifer L. Rochon, who is presiding over the related *Nesselson* case, which commenced in May 2025.

This action is brought by Plaintiff Mary Lowry RN, a nurse who alleges she works for a physician, Mark Nesselson, M.D. Plaintiff challenges an administrative subpoena issued to her by DOH in connection with the agency's investigation into Dr. Nesselson's vaccine practices and violations of New York Public Health Law ("PHL") Article 21. The instant proceeding should be marked "related" to *Nesselson*, a case brought by Dr. Nesselson, in accordance with Rule 13 of the Rules for the Division of Business Among District Judges, Southern District of New York ("Div. Bus. Rules"), and transferred to Judge Rochon because (1) both actions involve similar parties, including the DOH Commissioner and Director Giovannetti; (2) there is substantial factual overlap as both cases challenge administrative subpoenas issued by DOH in connection with its investigation of Dr. Nesselson's vaccination practices; (3) the parties might be subjected to conflicting orders because both cases center on whether DOH has a legitimate basis for its

---

[1] In the original complaint, which Plaintiff filed on February 4, 2026, Plaintiff incorrectly named DOH Commissioner James McDonald as "Michael Mc. Donald" in the caption. *See* ECF No. 1 ("Original Complaint"). However, Plaintiff filed the First Amended Complaint on March 26, 2026, amending the caption to include James McDonald as a defendant. *See* ECF No. 10 ("First Amended Complaint" or "FAC").

[2] Throughout the First Amended Complaint, Plaintiff repeatedly references, and cites to the filings in, *Nesselson*. *See* FAC ¶¶ 24, 32, 34, 39, 40, 42, 44, 53, 69, 72, 81, 83, 86.

investigation; and (4) absent a determination of relatedness, there would be substantial duplication as the cases involve essentially the same facts and legal issues. *See* Div. Bus. Rule 13 (a)(1)(A)-(D). Plaintiff consents to this request to have the cases marked related.

Background Information:

Plaintiff claims that she is a pediatric nurse who works for Dr. Mark Nesselson—a physician whose vaccination practices are under investigation by DOH for potential violations of PHL Article 21 and who brought a federal action last year seeking to enjoin the investigation. *See* FAC ¶¶ 2, 24, 28; *see generally Nesselson*, Docket No. 25-cv-04464, ECF No. 49 ("*Nesselson* Amended Complaint"). On January 21, 2026, DOH issued an administrative subpoena to Plaintiff, demanding that she testify regarding the agency's investigation of violations of PHL Article 21 by Dr. Nesselson. *See* FAC ¶ 13; *see also* FAC Exhibit A (ECF No. 10-1). In this action, Plaintiff requests a preliminary and permanent injunction barring DOH from enforcing that subpoena. *Id*. ¶¶ 7, 104, 111, 114. Plaintiff alleges, *inter alia*, that the subpoena violates the Fourth Amendment because it was issued by an investigator "in the field," and is unreasonable because the investigation into Dr. Nesselson's vaccination practices is without basis. *Id*. ¶¶ 19, 32, 34-35. For similar reasons, Plaintiff claims that the statutes under which the subpoena were issued—PHL §§ 12-a(1) and 206(4)(a)—are unconstitutional as applied to her. *Id*. ¶¶ 83, 85, 93.

In *Nesselson*, plaintiff alleges that the same defendants named in the instant action, the DOH Commissioner and Director Giovannetti ("the State Defendants"), along with the New York City Department of Health and Mental Hygiene ("DOHMH") and Michelle Morse, M.D., in her official capacity as Commissioner of DOHMH, violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. *See Nesselson* Amended Complaint ¶¶ 5. Like the Plaintiff in the instant action, Dr. Nesselson seeks declaratory and injunctive relief against a DOH administrative subpoena concerning his vaccination practices. *Id*. ¶¶ 5, 33(c), 68, 116-120. In support of a motion to quash the subpoena, Dr. Nesselson argues that it violates the Fourth Amendment because it was issued by an investigator "in the field." *See Nesselson*, Docket No. 25-cv-04464, ECF No. 54-3. In addition, like Plaintiff Lowry, Dr. Nesselson claims that statutes PHL §§12-a(1) and 206(4)(a), under which the subpoena was issued against him, are unconstitutional. *Nesselson* Amended Complaint ¶ 159.

Relatedness of Cases:

The above facts demonstrate that all prongs of Div. Bus. Rule 13 have been satisfied, proving the two cases are related.

First, it is evident that both the instant action and the *Nesselson* action "concern the same or substantially similar parties, property, transactions or events." *See* Div. Bus. Rule 13 (a)(1)(A). Both cases name the same State Defendants and concern the same DOH investigation into Dr. Nesselson's vaccination practices.[3] *Compare* FAC ¶¶ 3-8 with *Nesselson* Amended Complaint ¶¶ 3-8. Additionally, both cases concern the same events—*i.e.*, Dr. Nesselson's history of

---

[3] Of note, both plaintiffs in the *Nesselson* and *Lowry* actions are also represented by the same counsel, Jacques Simon, Esq.

professional discipline by DOH, his admitted failure to comply with a statutory requirement that he report vaccinations to a DOHMH vaccine registry, and DOH's notification to schools that vaccination records from Dr. Nesselson should not be accepted. *Compare* FAC ¶¶ 42-82 *with Nesselson* Amended Complaint ¶¶ 54-69. Both plaintiffs seek the same relief against the State Defendants – declaratory judgments pursuant to 28 USC § 2201 and preliminary and permanent injunctions barring DOH from enforcing subpoenas related to their investigation into Dr. Nesselson. Compare FAC ¶ 7 *with Nesselson* Amended Complaint ¶¶ 142, 145, 178.

Second, "there is substantial factual overlap" between the two cases. *See* Div. Bus. Rule 13 (a)(1)(B). As mentioned above, both actions challenge elements of the same DOH investigation into Dr. Nesselson's vaccination practices, and both allege that DOH's investigation into Dr. Nesselson is illegitimate. *See, e.g.*, FAC ¶ 24 (alleging that defendants "cannot investigate Dr. Nesselson's violations of [PHL] Article 21" for "all of the reasons articulated below and in a pending litigation by Dr. Nesselson"). Here, Plaintiff alleges that the subpoena issued pursuant to PHL §§ 12-a(1) and 206(4)(a), demanding her testimony regarding the administrative investigation into Dr. Nesselson, violates the Fourth Amendment. *Id.* ¶¶ 21-41. In his case, Dr. Nesselson likewise contends that the subpoena issued against him in accordance with the same statutory provisions, PHL §§ 12-a(1) and 206(4)(a), seeking the production of certain records relating to his vaccination practices, is unconstitutional. *Nesselson* Amended Complaint ¶¶ 116-120. In addition, the plaintiffs in both cases claim that subpoenas issued by Director Giovannetti are invalid because he is purportedly acting as an investigator "in the field." *See* FAC ¶ 32. Further, both actions concern factual allegations regarding Nesselson's attempts to gain access to a vaccine registry. FAC ¶¶ 44-73; *Nesselson* Amended Complaint ¶¶ 37-43, 49-50, 63-75. Moreover, within her First Amended Complaint, Plaintiff repeatedly references *Nesselson* and acknowledges the relatedness between the two actions. *See* FAC ¶ 28 (citing *Nesselson* and alleging "the core of the constitutional issues before Judge Jennifer Rochon is the fact that no proceedings were ever instituted before the Commissioner in connection with allegations and accusations of violations of PHL Sec. 21 and certainly none exist now"); *see also id.* ¶¶ 24, 32, 34, 39, 42, 44, 53, 69, 72, 81, 83, 86, 92.

Third, "the parties could be subjected to conflicting orders." *See* Div. Bus. Rule 13 (a)(1)(C). Because of the overlapping nature of facts and arguments in both cases, which are currently being overseen in different courts within the Southern District of New York there is concern that the State Defendants would be subject to orders that might conflict with each other. For example, a key issue in both actions is whether there is a legitimate basis for DOH's investigation of Dr. Nesselson's vaccination practices and whether the subpoenas issued pertaining to the investigation violate the Fourth Amendment.

Fourth, "absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." *See* Div. Bus. Rule 13 (a)(1)(D). If the cases were not marked related, both Courts would be analyzing the same legal issues and examining the same facts relating to the investigation. On the other hand, if the *Lowry* action is transferred, there will be a significant conservation of judicial resources.

Thank you for your Honor's consideration of this request.

Respectfully submitted,

/s/  Jessica Preis_____
JESSICA PREIS
Assistant Attorney General
212-416-8817
Jessica.Preis@ag.ny.gov

cc:      All Parties (via ECF)